# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID LEWIS                                                                                                PLAINTIFF
ADC #165397

v.                                              4:18cv00494-BRW-JJV

SALINE COUNTY JAIL; *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

David Lewis ("Plaintiff"), formerly incarcerated at the Saline County Detention Facility and currently incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 8-1.) He alleges Defendants, officials at the Saline County Detention Facility, failed to provide him sufficient food during his confinement there and also "took money off [his] books." (Doc. No. 8-1 at 4-5.) He seeks compensatory damages. (*Id*. at 6.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

As I noted in a prior Order, Plaintiff's separate claims regarding his diet and the money taken off his books are factually unrelated to one another. (Doc. No. 6 at 3.) Accordingly, they are unsuited for prosecution in a single action against multiple defendants, pursuant to Federal Rule of Civil Procedure 20(a)(2). I will address Plaintiff's diet claim; his claim against Defendant Parker regarding the money taken from his account should be dismissed. If Plaintiff wishes to proceed on this claim, he may do so in a separate action.

Plaintiff alleges he repeatedly told Defendants Moore and Icsom that the "taco tray" served at the detention facility every other Sunday was too hard for him to eat. (Doc. No. 8-1 at 4.) He says it was "well after shift change" on those Sundays before he was provided an alternative meal,

which consisted only of one sandwich.  (*Id*.)  He also alleges Defendant Parker never addressed this issue.  (*Id*. at 5.)

It is well settled that inmates have a right to nutritionally adequate food.  *See, e.g.*, *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980).  But "[b]ecause control of the administrative details of a prison remains exclusively in the hands of prison officials, control of the diet is within their discretion, assuming it is adequate."  *Burgin v. Nix*, 899 F.2d 733, 734 (8th Cir. 1990) (internal citation omitted).  There is no constitutional right to a particular type of food.  *Id*. at 734-35.  In short, Plaintiff cannot show that the every-other-Sunday substitution of a sandwich for a taco tray that was too hard for him to eat deprived him of a nutritionally adequate diet.  A diet consisting only of sandwiches and water, with no fruits and vegetables, "might violate the eighth amendment if it were the regular prison diet."  *Rust v. Grammer*, 858 F.2d 411, 414 (8th Cir. 1988).  However, such a diet "imposed only for a short time, with no resultant long-term adverse effects," is constitutionally permissible.  *Id*.

I am sympathetic to Plaintiff's claim that he was not fed enough in general and lost over forty pounds during his incarceration.  (Doc. No. 8-1 at 4.)  But, as I previously explained to Plaintiff (Doc. No. 6 at 4), in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights.  *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-JRM, at 2 (W.D. Ark. 2011).  Despite this warning, Plaintiff's Amended Complaint fails to explain who was responsible for the allegedly inadequate diet or how it was inadequate.  The explanation that he was served a sandwich in place of a taco tray every other Sunday is not enough.

Finally, I note Plaintiff's original Complaint included claims regarding the denial of his free phone call, television, and yard call and named the Saline County Jail[1] and Capenter as Defendants. (Doc. No. 2 at 1, 4.) Plaintiff abandons these claims and defendants in his Amended Complaint. Therefore, they should be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Amended Complaint (Doc. No. 8-1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 30th day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] As noted in my prior Order, the jail, as a department of local government, is not a juridical entity amenable to suit under § 1983. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."